Fagan, Appellant, *v.* Williamsport Lodge No. 145
of the Loyal Order of Moose.

Argued January 4, 1949. Before Maxey, C. J., Drew,
Stern, Patterson, Stearne and Jones, JJ.

*John C. Youngman,* with him *Candor, Youngman &
Gibson,* for appellant.

*Henry C. McCormick,* with him *McCormick, Herdic
& Furst,* for appellee.

Per Curiam, March 21, 1949:

William L. Fagan sued Williamsport Lodge No. 145,
Loyal Order of Moose, a Pennsylvania non-profit cor-
poration, because of injuries received while bowling on
alleys in Williamsport maintained by the Lodge for its
members. A jury awarded him a verdict of $9,000.00.
Later the court directed a judgment n. o. v. be entered
in favor of the defendant.

On the evening of March 19, 1945, the plaintiff was bowling in the defendant's bowling alley. While doing so he fell and was injured. He claimed that his fall was due to the fact that his foot struck a foreign substance of a sticky nature on the runway. The testimony shows that it was customary for the janitor to clean the alleys, and their approaches, every morning. There is no evidence that he failed to do this on the day the plaintiff was injured. This court below correctly said, "the spot complained of was not visible to any person, not even to the plaintiff or his friends, despite the fact that plaintiff's friends had been continuously bowling on the same alley since three o'clock in the afternoon. . . . The owner of a place of amusement is not an insurer of safety of patrons but owes to them a duty to exercise reasonable care for their safety. In order to establish liability against the proprietor of a bowling alley because of an alleged defective spot on the approach to the runway of an alley it must be shown that the owner had actual or constructive notice of the presence of the spot, or that he failed to use such care as those employed in like kind of business ordinarily exercise or should exercise. Constructive notice is chargeable only where the condition has existed for an appreciable length of time. . . . There is not the least bit of testimony in the instant case that the defendant had notice, either actual or constructive, of the spot on the approach to the runway of Alley No. 3. No person had complained about this spot, it was not visible or noticeable. The friends of the plaintiff who had been using the approach on the same alley for at least three hours before the injury occurred did not even discover it. In addition, there is no testimony which would indicate that the defendant did not use such care with the alley and its approach as is employed by others in like kind of business. The plaintiff offered no testimony as to care or inspection of the alleys. The only testimony as to ordinary care or inspection was

introduced by the defendant. This testimony would indicate that as far as inspection is concerned visual inspection is the kind of inspection used by those operating bowling alleys. The plaintiff has argued that because of the fact that the defendant's bowling alley manager was in the habit of inspecting the approaches to the alleys by sliding his feet on the approaches when he came in to work at six o'clock in the evening, and because this manager failed to do this on the evening the accident occurred, this failure constituted negligence. The law only requires the defendant to use the degree of care that others in a like business use. One who out of a considerate regard for the safety of others exercises a higher degree of care than the law requires should not be penalized for failure to use this higher degree of care. This is especially true in the instant case when the Bowling Alley No. 3 was in continual use for at least three hours preceding the injury complained of. It has been said that the duty of inspection is only such as has been generally adopted by prudent persons similarly situated. 38 American Jurisprudence 747. We do not think a prudent person similarly situated would deem it necessary to inspect an alley which during the period immediately preceding an accident was being continually used without the discovering of a defect."

The rule laid down by the court below in this case was not *under the circumstances here present,* in conflict with the rule laid down by this Court in the following two cases: *Hudson, Admrx., v. Grace et al.,* 348 Pa. 175, at 181, 34 A. 2d 498; *Maize, Admr., v. Atlantic Ref. Co.,* 352 Pa. 51, at 57, 41 A. 2d 850. In the former case we said, quoting from Justice HOLMES: " 'What usually is done may be evidence of what ought to be done, but what ought to be done is fixed by a standard of reasonable prudence, whether it usually is complied with or not.' " In the latter case we said, quoting from *Zartner v. George,* 156 Wis. 131, 145 N. W. 971:

" 'If the act in question is obviously dangerous, then evidence of custom is inadmissible, because custom cannot change the quality of an act. . . . Hence, when its quality clearly appears from the act itself, there is no need to invoke the aid of custom to determine it.' " When a thing is so "obviously dangerous" as to make its removal imperative in the interest of human safety, evidence as to what others do in respect to such a thing serves no purpose.

But in the instant case a "sticky" spot on a floor, which floor was for three hours preceding the accident, "in continual use" by other bowlers, without any mishap, cannot be characterized as something so obviously dangerous that failure of the defendant to remove it amounted to negligence. Plaintiff in his proof showed no departure by the defendant from the standard of reasonable prudence as measured by any test.

The judgment is affirmed.